**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

BREANA HIGGS,

       Plaintiff

   v.

CAVA GROUP, INC., *et al.*,

      Defendants

Civil Action No. 16-2365 (CKK)

**MEMORANDUM OPINION**
(March 10, 2017)

Plaintiff Breana Higgs, a transgender woman, alleges that Defendants Cava Group, Inc., Cava Mezze Grill Chinatown, LLC ("Cava Chinatown"), and Cava Mezze Grill Silver Spring, LLC ("Cava Silver Spring") discriminated against her on the basis of her gender identity in violation of the D.C. Human Rights Act ("DCHRA") and the Montgomery County Human Rights Act ("MCHRA"). Pending before the Court is Defendants' [5] Motion to Dismiss Count II of the Complaint, in which Defendants argue that Plaintiff's hostile work environment claim under the DCHRA should be dismissed because the DCHRA does not apply extraterritorially and the conduct at issue in that claim occurred in Maryland. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court DENIES Defendants' [5] Motion to Dismiss. At this preliminary stage in the case, the Court finds that Plaintiff may proceed with her hostile work environment claim under the DCHRA because

---

[1] The Court's consideration has focused on the following documents:
- Defs.' Mot. to Dismiss Count II of the Complaint ("Defs.' Mot."), ECF No. 5;
- Pl.'s Mem. in Opp'n to Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 9; and
- Defs.' Reply in Support of Mot. to Dismiss ("Defs.' Reply"), ECF No. 10.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

Plaintiff has adequately alleged that certain decisions underlying that claim were made in the District of Columbia.

## I. BACKGROUND

The Court herein recites only those allegations necessary for the resolution of the narrow issue presented by the pending partial Motion to Dismiss.  Plaintiff Breana Higgs is a transgender woman who was assigned the sex male at birth but identifies as, and has presented as, female since the age of 14.  Compl., ECF No. 1, ¶ 12.  On December 9, 2015, Plaintiff applied for a Customer Service Representative position with Defendant Cava Chinatown.  *Id.* ¶ 16.  Plaintiff was invited to interview for the job, but was allegedly mistreated during that interview and was not offered the position.  *Id.* ¶¶ 17-21, 24.  However, after Plaintiff complained about her experience on Cava's Facebook page, a Cava representative located at Cava's headquarters in Washington, D.C., contacted Plaintiff by e-mail and eventually suggested Plaintiff submit a new application to Cava's location in Silver Spring, Maryland.  *Id.* ¶¶ 27, 28, 34.  Plaintiff did so and was hired at that location.  *Id.* ¶¶ 35-39.

While working at Cava Silver Spring, Plaintiff alleges that she experienced hostility, disrespect, and mistreatment from her coworkers and supervisors.  *Id.* ¶ 45.  Plaintiff's Complaint outlines a series of disrespectful comments and instances of misgendering on the part of various Cava employees, including repeated comments regarding Plaintiff's sexual identity and remarks questioning whether Plaintiff was a prostitute.  *Id.* ¶¶ 45-72.  Plaintiff lodged complaints about this misconduct to Cava representatives located in Washington, D.C., but those representatives allegedly minimized her complaints and failed to attempt to correct the behavior. *Id.*  Eventually, Plaintiff was terminated by Cava allegedly for "having a bad attitude and not

smiling enough." *Id.* ¶ 73. Plaintiff claims that the decision to fire her was made by Cava employees located in Washington, D.C. *Id.* ¶ 74.

Based on these allegations, Plaintiff has asserted several causes of action in this lawsuit. Plaintiff asserts that Defendants violated the DCHRA by failing to hire her at Cava Chinatown (Count I), creating a hostile work environment (Count II), and by retaliating against Plaintiff for complaining about this work environment by terminating her (Count III). *Id.* ¶¶ 76-97. Plaintiff also brings her hostile work environment and retaliation claims under the MCHRA (Counts IV and V). *Id.* ¶¶ 98-114.

Defendants have filed a Motion to Dismiss Count II of the Complaint, in which Plaintiff alleges that she suffered a hostile work environment under the DCHRA, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Defs.' Mot. Defendants argue in their motion that the DCHRA does not apply to the circumstances alleged in this claim because "the predicate acts or comments forming the basis for [Plaintiff's] hostile work environment claim, as alleged in the complaint, occurred in Maryland." *Id.* at 1.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

To survive a motion to dismiss pursuant to Rule 12(b)(1), plaintiff bears the burden of establishing that the court has subject matter jurisdiction over its claim. *See Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007). In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted). "Although a court must accept as true all factual allegations contained

3

in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1)," the factual

allegations in the complaint "will bear closer scrutiny in resolving a 12(b)(1) motion than in

resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*,

503 F. Supp. 2d 163, 170 (D.D.C. 2007) (citations omitted).

### B.  Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a

complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted."  Fed.

R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require that a complaint contain "'a

short and plain statement of the claim showing that the pleader is entitled to relief,' in order to

'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

(1957)).  "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further

factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S.

at 557).  Rather, a complaint must contain sufficient *factual* allegations that, if true, "state a

claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  In

evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must construe

the complaint in the light most favorable to the plaintiff and accept as true all reasonable factual

inferences drawn from well-pleaded factual allegations.  *See In re United Mine Workers of Am.*

*Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994).

## III. DISCUSSION

"The DCHRA is not extraterritorial; it does not and cannot secure an end to discrimination in jurisdictions outside of the District of Columbia." *Cole v. Boeing Co.*, 845 F. Supp. 2d 277, 284 (D.D.C. 2012). Accordingly, for the DCHRA to apply to a set of facts, "[e]ither the decision must be made, or its effects must be felt, or both must have occurred, in the District of Columbia." *Monteilh v. AFSCME, AFL-CIO*, 982 A.2d 301, 304-05 (D.C. 2009). At this preliminary stage in this case, the Court concludes that Plaintiff has sufficiently alleged that certain decisions underlying her hostile work environment claim were allegedly made in the District of Columbia, and that the DCHRA accordingly applies.

First, Plaintiff alleges that she complained about her hostile work environment to Cava representatives in Washington D.C., and that those representatives minimized her complaints and refused to take steps to alleviate the hostile environment. Compl. ¶¶ 58-71. These alleged decisions were made in the District of Columbia and are a significant part of Plaintiff's claim, because "[t]o establish a hostile work environment claim . . . when a plaintiff is harassed by *his or her co-workers,* the plaintiff must prove that the employer was at least negligent in not preventing or correcting the harassment." *Ayissi-Etoh v. Fannie Mae*, 712 F.3d 572, 577 (D.C. Cir. 2013) (emphasis in original). Although it is not "enough to establish subject matter jurisdiction under the DCHRA simply to show that the company is headquartered," in the District of Columbia, *Monteilh*, 982 A.2d at 304–05, the Court finds that Plaintiff has alleged more than a Washington, D.C. headquarters by claiming that she repeatedly complained about the discriminatory conduct to District of Columbia-based employees who allegedly minimized or refused to address it.

Second, Plaintiff alleges that rather than preventing or correcting the harassment when notified of it, Cava representatives in the District of Columbia decided to terminate Plaintiff for complaining about her hostile work environment.  Compl. ¶¶ 74, 95.  Although "[t]ypically presented as evidence of discrimination or retaliation rather than hostile work environment," the decision to terminate Plaintiff in this case could be construed as part of, indeed the culmination of, Plaintiff's hostile work environment claim.  *See Savage v. Burwell*, No. 15-CV-00791 (CRC), 2016 WL 4132196, at *5 (D.D.C. Aug. 3, 2016).  Recent case law from the Court of Appeals has made clear that "a hostile work environment claim is not rendered invalid 'merely because it contains discrete acts that the plaintiff claims (correctly or incorrectly) are actionable on their own.'"  *Brooks v. Grundmann*, 748 F.3d 1273, 1278 (D.C. Cir. 2014) (quoting *Baird v. Gotbaum*, 662 F.3d 1246, 1252 (D.C. Cir. 2011)).  Defendants challenge Plaintiff's allegation that this decision was made in Washington, D.C. as "speculat[ion]," Defs.' Reply at 4, but at the motion to dismiss stage the Court accepts Plaintiff's allegations as true.

Because the Court finds that Plaintiff has alleged that these decisions relating to her hostile work environment claim under the DCHRA occurred in Washington, D.C., that claim need not be dismissed for lack of jurisdiction at this time.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' [5] Motion to Dismiss.  An appropriate Order accompanies this Memorandum Opinion.

Dated: March 10, 2017

　　　　　　　　　　　　　　　　　　　　/s/　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　COLLEEN KOLLAR-KOTELLY
　　　　　　　　　　　　　　　　　　United States District Judge